IN THE SECOND JUDICIAL CIRCUIT COURT
IN AND FOR LEON COUNTY FLORIDA

RAYL LYNN KELLAR,
        Plaintiff,

vs.

Case No: 2014CA663

MICHAEL CREWS, Secretary
FLORIDA DEPARTMENT OF CORRECTIONS;
JOSEPH SHUBERT MD-Executive Director
CORIZON HEALTH SERVICES; R. WOLF;
M. WILLIS; D. DOUGLAS; L. DRIGGERS

        Defendants.
_____/

## COMPLAINT

### I. INTRODUCTION

Plaintiff, RAYL LYNN KELLAR, sues defendants, the Department of Corrections of the State of Florida, and the above-named defendants and alleges:

1. This is an action for a writ of mandamus pursuant to § 945.6038(1)(b), Florida Statutes (2014); and tortuous interference with constitutional rights pursuant to §768.28 Florida Statutes. Circuit courts have the power to issue writs of mandamus. Fla. Const. Art. V, § 5(b). <u>In an action for a writ of mandamus,</u> *the initial pleading will be a* <u>complaint</u>, the caption of which must show the action filed in the name of the plaintiff and not on relation of the state. The complaint must contain the facts on which the plaintiff relies for relief and a request for the relief sought.

2. Plaintiff is, and at all times mentioned in this complaint was, an incarcerated state prisoner alleging actual physical injury, and his condition is being exacerbated by the actions of the defendants through the unreasonable refusal to follow clearly established laws.

1

Exhibit A

3. Defendant **DEPARTMENT OF CORRECTIONS** is, and at all times mentioned in this complaint was, a department of the State of Florida empowered by law with the duty of regulating the custody, control, and care of prisoners in Florida.

4. At all times mentioned in this complaint, plaintiff was engaged in pursuing redress of grievances through the Florida judiciary process, and attempting to comply with mandatory provisions of the applicable Florida Statutes, as related to the notice and process of service requirements of §48.121 and §766.106(2)(a) Florida Statutes.

5. Plaintiff wished to provide legal notice to defendants in compliance with the process of service and notice requirements of law. Plaintiff also sought to obtain his medical records in compliance with the provisions of §766.204(1)-(3).

6. Plaintiff alleges that during all times mentioned in this Complaint, the defendants, and each of them, were acting under color of law, that is, under the Constitution, Statutes, Rules, Regulations, Customs and Usages of the State of Florida, and the state agency, the Florida Department of Corrections. They are sued however, in both their official and individual capacities, except where prohibited by law.

7. Plaintiff alleges that the defendants, and each of them, knowingly and willfully, with complete disregard for the constitutional rights of the plaintiff, engaged in consort, to deprive the plaintiff of rights secured to the plaintiff by the Constitution and laws of the State of Florida.

8. Plaintiff alleges that the defendants, and each of them, had an affirmative duty under the law to prevent the unlawful actions and inactions of the other defendants, and with wanton and malicious disregard for the rights of the plaintiff, failed to intervene to prevent the deprivation of rights secured to the plaintiff, and as a result thereof, plaintiff continues to suffer injury.

2

9. Plaintiff seeks mandamus relief against the defendant **DEPARTMENT OF CORRECTIONS**, forcing compliance with mandatory statutory duties; Injunctive relief against the defendant **DEPARTMENT OF CORRECTIONS**, prohibiting the defendant, their employees, officers, agents, or representatives from refusing to provide mandated legal mail services to all prisoners, regardless of the prisoner's ability to pay.

10. Plaintiff seeks compensatory and special damages against the defendants, and each of them, **except where prohibited by law**, for the tortuous interference in depriving the plaintiff of his constitutional and statutory access to the courts, and for the delay caused by the intentional acts of the defendants.

## II. JURISDICTION

11. Jurisdiction is invoked under the provisions of Article V, Section §5(b) of the Florida Constitution; Article 1, Sections §2, §9, §21, and §24(a) of the Florida Constitution; and Florida Statutes §26.012(2)(a)&(3);

12. Jurisdiction is further invoked under the provisions of Florida Statutes §48.121 and §766.106(2)(a); §768.28(6)(a); §945.6038(1)(b),(2013); and Fla.R.Civ.P., rules 1.100(a); 1.610(a); 1.630(a)(3); and 1.650(d)(1);

13. Jurisdiction is finally invoked under the provisions of Title 42, Sections §1985(3) and §1986 of the United States Code.

## III. VENUE

14. Venue is invoked under the provisions of Chapter §47.041 where actions on several causes of action may be brought in any county where any of the causes of action arose, and said county being Leon County, Florida where the policy was initiated.

15. Venue is also appropriate under §47.021, where the defendants reside in different counties, and defendant **DEPARTMENT OF CORRECTIONS** maintains its offices in Leon County.

## IV. PARTIES

16. The plaintiff, RAYL LYNN KELLAR, is an adult citizen of the United States, and the State of Florida, and is currently incarcerated at Cross City Correctional Institution, 568 N.E. 255th Street, Cross City, Florida, situated in Dixie County, State of Florida.

17. During all times mentioned in this Complaint, the defendant, **DEPARTMENT OF CORRECTIONS** (hereinafter FDOC), was an agency of the State of Florida created under statutory authority to ensure for the custody, control and care of Florida prisoners, maintaining the Central Office at 501 South Calhoun Street, Tallahassee, Florida 32399-2500, and is sued in its official capacity regarding policy only under respondent superior.

18. During all times mentioned in this Complaint, the defendant JOSEPH SHUBERT MD-Executive Director for CORIZON HEALTH SERVICES, was an independent medical health care provider under contract with the defendant **DEPARTMENT OF CORRECTIONS**, to provide prisoner health care at Cross City Correctional Institution, situated in Dixie County, Florida, operating as a legal extension of the Florida Department of Corrections as Health Care Provider, maintaining the Central Office at 501 South Calhoun Street, Tallahassee, Florida 32399-2500, and is sued in both, his official, individual, and corporate capacity.

19. During all times mentioned in this Complaint, the defendant, R. WOLF, was the Senior Health Services Administrator, employed by defendant CORIZON HEALTH SERVICES, 501 South Calhoun Street, Tallahassee, Florida 32399-2500, at Cross City Correctional Institution located in Dixie County, Florida. She is sued however, in both, her individual and official capacities;

20. During all times mentioned in this Complaint, the defendant D. DOUGLAS SRN, was employed through a contracted Health Service Provider, defendant CORIZON, located at 501 South Calhoun Street, Tallahassee, Florida 32399-2500, to provide medical care for prisoners at Cross City Correctional Institution situated in Dixie County, Florida. She is sued however, in both, her official and individual capacities;

21. During all times mentioned in this Complaint, the defendant, M. WILLIS, was an Assistant Warden and Grievance Coordinator, employed by the defendant **DEPARTMENT OF CORRECTIONS** (hereinafter FDOC), 501 South Calhoun Street, Tallahassee, Florida 32399-2500, at Cross City Correctional Institution, 568 N.E. 255th Street, Cross City, Florida 32628-5877, located in Dixie County, Florida. He is sued however, in both, his individual and official capacities;

22. During all times mentioned in this Complaint, the defendant, LYNN DRIGGERS, was employed by the defendant **DEPARTMENT OF CORRECTIONS**, as a mailroom supervisor at Cross City Correctional Institution, 568 N.E. 255th Street, Cross City, Florida 32628-5877, located in Dixie County, Florida. She is sued however, in both, her individual and official capacities.

## V. STATEMENT OF FACTS

23. On October 23, 2013, plaintiff submitted to State of Florida, through Hon. Jeff Atwater, Chief Financial Officer, Risk Management Division, Notice of intent to sue a group of defendants as required by the statutes §48.121 and §766.106, regarding presuit notice requirements. A second Notice was sent on November 12, 2013. A copy of the Notices are attached to this complaint contained in an **APPENDIX** and marked **[Exhibit A]**.

24. Plaintiff's request to send the Notice [Certified-Return Receipt Requested], was denied by defendant LYNN DRIGGERS, the institutional mailroom supervisor at Cross City Correctional Institution, Dixie County, Florida, and returned. Plaintiff advised defendant LYNN DRIGGERS as to the legal requirements of certified mail for pre-suit requirements.

25. On November 13, 2013, the Hon. Jeff Atwater, Chief Financial Officer-State of Florida, by and through Mike Andrews-Risk Management Program Administrator, advised the plaintiff that his Notice of Intent failed to comply with the requirements of Section 766 of the Florida Statutes. He further stated 'If you wish to review your medical records please address a request to the Department of Corrections for a copy of those records". A copy is attached to this complaint contained in an **APPENDIX** and marked **[Exhibit B]**.

26. Plaintiff has since made numerous attempts to comply with the mandatory requirements regarding all of the defendants in Case No: 2013 CA 03443[1] in the Second Judicial Circuit Court, providing **Notice** and requesting **medical records** through certified mail, and defendants FDOC, LYNN DRIGGERS and M. WILLIS, refused to comply without prepayment of cost of postage. Grievance attached to this complaint contained in an **APPENDIX** and marked **[Exhibit C]**.

27. Although defendant DEPARTMENT OF CORRECTIONS was required by law to take the actions described above, defendant has failed to do so. Florida Statutes § 945.6038(1)(b), places a mandatory duty on the defendant to "provide postage and any special delivery charges if required by law or rule..." yet defendants DEPARTMENT OF CORRECTIONS, LYNN DRIGGERS and M. WILLIS, refused to do so.

---

[1] Removed to United States District Court, Case NO: 4:14-cv-00084-RH-GRJ on February 25, 2014

28. Furthermore, on December 4, 2013, requested the medical records from defendant **DEPARTMENT OF CORRECTIONS** citing the letter from Jeff Atwater and filed a Request for Records (DC6-236), which was denied by defendant R. WOLF, on January 8, 2014. A copy is attached to this complaint contained in an **APPENDIX** and marked **[Exhibit D]**, and was denied on January 16, 2014, by defendants D. DOUGLAS, SRN (acting on behalf of defendant CORIZON) and defendant M. WILLIS, stating that: [per policy T.I. 15.12.03, Appendix A.G.8.e.,: states the following: copies are $.15 per page...EXCEPTIONS WILL NOT BE MADE TO INDIGENT INMATES. advise when funds are available.] A copy is attached to this complaint contained in an **APPENDIX** and marked **[Exhibit E]**.

29. The Appeal to the Secretary exhausted the requirements on January 23, 2014 regarding the medical records. A copy is attached to this complaint contained in an **APPENDIX** and marked **[Exhibit F]**.

30. On January 4-5, 2014, plaintiff injured his left shoulder causing severe discomfort and pain. Plaintiff went to sickcall on numerous occasions between January 9, 2014 throughout the period mentioned in this Complaint. <u>Exhibits of this allegation are presently unavailable to the Court</u>, due to the failure of the defendants **DEPARTMENT OF CORRECTIONS**, CORIZON HEALTH SERVICES, R. WOLF, D. DOUGLAS, AND M. WILLIS, to provide copies of medical records pursuant to mandatory requirements of §766.204 Fla. Stat.

31. Plaintiff's initial consultation with Dr. QUINONES-MD/Chief Health Officer at Cross City Correctional Institution resulted in the filing of a grievance where the Doctor failed to perform any examination of the injury, although the Doctor did order pain medication and x-rays in accordance with policy. After x-rays revealed no obvious injury, plaintiff sought to obtain the

MRI he initially requested, explaining the injury was muscular, a tendon or ligament, which more likely than not, would not show up on x-rays.

32. Following the initial Doctor visit [which took place one month after the injury], and two weeks after the x-rays, plaintiff filed another sickcall stating he had not received the followup with the doctor; needed an MRI to determine the extent of injury, and attached a copy of the musculoskeletal system from the Guide To Physician's Examination from Dr. Bates, Second Edition 1979, showing the range of motion as a result of plaintiff's injury, and suggesting the rupture of the Supraspinatus tendon as reflected by the Table 17-4. A copy of the sickcall and attachments is attached to this Complaint contained in an **APPENDIX** and marked **[Exhibit G]**.

33. On January 24, 2014, plaintiff filed an informal grievance for the refusal to let plaintiff comply with the mandatory requirements of law regarding the sending of certified mail. The informal grievance to defendant LYNN DRIGGERS, (DC6-236) clearly advising defendant as to the statutory law, and was denied February 6, 2014, and is attached to this complaint contained in an **APPENDIX** and marked **[Exhibit H]**.

34. On February 17, 2014, on continuation of the grievance process, the institutional warden denied the formal grievance (DC1-303), and defendant M. WILLIS, informed plaintiff that the grievance is denied, citing Chapter 33-210-102 Legal Documents and Legal Mail. The formal grievance advising defendant M. WILLIS of the statutory law is attached to the complaint contained in an **APPENDIX** and marked **[Exhibit I]**.

35. On appeal to the Secretary-FDOC, plaintiff completed the Grievance Process required by the Florida Administrative Code, Chapter 33, and now seeks relief through this complaint, by

way of mandamus, and damages to plaintiff's constitutional rights, to access the courts. Formal Grievance is attached to the complaint contained in an **APPENDIX** and marked **[Exhibit J]**.

36. As of the date of this complaint, defendants FDOC, CORIZON, R. WOLF, D. DOUGLAS SRN, LYNN DRIGGERS, and M. WILLIS, have done the following with respect to plaintiff's requests for medical records and permitting the sending of legal mail certified-return receipt requested:

a. Denied any, and all, attempts to obtain medical records as required by §766.204(1) Fla. Stat.;

b. Denied any, and all, attempts to comply with mandatory Notice requirements of §766.106(2)(a) by certified mail, return receipt requested;

c. Exhibited callous disregard for the plaintiff's right to access the court through its refusal to perform statutorily mandated actions.

d. Intentionally obstructed or frustrated all attempts of plaintiff to comply with mandatory requirements of law.

e. The defendants, and each of them, had an affirmative duty to prevent the unlawful violations to the plaintiff's constitutional rights, and each defendant intentionally and with wanton disregard and deliberate indifference to the violations, chose not to exercise his/her respective authority to prevent the injury to plaintiff's rights, contrary to Title 42 USC 1986.

37. Each of the statutory requirements of law regarding the copies of medical records for indigent prisoners; and sending certified mail by indigent prisoners; were clearly established by law at the time of deprivation, and the defendants, and each of them, were advised of the applicable laws at the time of the violations, and the defendants, and each of them, with callous disregard to the clearly established laws, continued to violate the laws and deprived the plaintiff

9

of his constitutional rights to redress grievances against the government through access to the courts (Article I, Section 2).

38. Between January 8th and 16th 2014, defendants R. WOLF, D. DOUGLAS, and M. WILLIS, agreed to a course of action with the intent to interfere with plaintiff's right to seek redress of grievances, and in furtherance of such agreement between the defendants, each actively participated in an action to deprive the plaintiff of his right, knowingly and with malicious intent, executed official documents for that purpose in their official capacities as representatives of their respective employers, defendants CORIZON and **DEPARTMENT OF CORRECTIONS**. Such documents are attached to this Complaint contained in an **Appendix** and marked **[Exhibits D and E]**.

39. Between February 6th and 19th 2014, defendants LYNN DRIGGERS and M. WILLIS, agreed to a course of action with the intent to interfere with plaintiff's right to seek redress of grievances, and in furtherance of such agreement between the defendants, each actively participated in an action to deprive the plaintiff of his right, knowingly and with callous disregard to plaintiff's due process, executed official documents for that purpose in their official capacities as representatives of their respective employer, **DEPARTMENT OF CORRECTIONS**. Such documents are attached to this Complaint contained in an **Appendix** and marked **[Exhibits H and I ]**.

40. Deprived the plaintiff of due process solely on the basis of indigency contrary to clearly established law (Article I, Section 9).

41. Was deliberately indifferent to the constitutional rights of the plaintiff in accessing the courts, knowingly and willfully depriving the plaintiff solely on the basis of indigency and contrary to clearly established law (Article I, 21); and,

42. Prevented the actions of plaintiff in seeking to remedy the continued delay in medical care, said delay being in violation of 8th and 14th Amendment as deliberate indifference to medical needs, by refusing to permit the compliance with mandatory Notice requirements, and refusing to permit participation in pre-suit investigation requirements by refusing copies of medical records, whereby plaintiff continues to suffer injury and his medical condition is exacerbated by the continuing delay in medical treatment.

43. Plaintiff exhausted administrative remedies on both claims regarding Medical Records and Certified Mail. This petition is timely filed within the 30 days established by §944.331 Florida Statutes, and Chapter 33 Florida Administrative Code.

## VI. CAUSE OF ACTION

44. By the paragraphs incorporated above, plaintiff states the following causes of action against the defendants:

### DELIBERATE INDIFFERENCE:
### Article 1, Sections 2, 9, 21 of the Florida Constitution

45. Plaintiff alleges a cause of action for deliberate indifference to his constitutional rights of seeking redress of grievances against the government actions which violated the 8th and 14th Amendment rights of the plaintiff, by tortuous interference; violation of due process of law; and denial of access to the courts, solely on the basis of inability to pay, in violation of Article I, Sections §2, §9, and §21 of the Florida Constitution, and clearly established law.

### COUNT ONE

> 46. Defendant **DEPARTMENT OF CORRECTIONS** was deliberately indifferent in failing to enforce policies clearly established to ensure access to the courts, and compliance with mandatory requirements of law in providing medical records within 10 days as required by §766.204(1) Fla. Stat.;

11

## COUNT TWO

47. Defendant JOSEPH SHUBERT MD, in the performance of his duties as Executive Director CORIZON HEALTH SERVICES CORIZON, was deliberately indifferent to the plaintiff's constitutional right to access the courts and intentionally deprived the plaintiff his medical records contrary to clearly established law §766.204(1) Fla. Stat.;

## COUNT THREE

48. Defendant R. Wolf-Senior Admin., was deliberately indifferent to the plaintiff's constitutional right to access the courts and intentionally deprived the plaintiff his medical records contrary to clearly established law §766.204(1) Fla. Stat.;

## COUNT FOUR

49. Defendant M. WILLIS, was deliberately indifferent to the plaintiff's constitutional right to access the courts and intentionally deprived the plaintiff his medical records contrary to clearly established law §766.204(1) Fla. Stat.;

## COUNT FIVE

50. Defendant D. DOUGLAS, SRN, was deliberately indifferent to the plaintiff's constitutional right to access the courts and intentionally deprived the plaintiff his medical records contrary to clearly established law §766.204(1) Fla. Stat.;

## COUNT SIX

51. Defendant **DEPARTMENT OF CORRECTIONS** was deliberately indifferent in failing to enforce policies clearly established to ensure access to the courts under § 945.6038(1)(b) Fla. Stat., and compliance with mandatory requirements of law in permitting the sending of certified mail in accordance with clearly established law §766.106(2)(a) Fla. Stat.;

## COUNT SEVEN

52. Defendant LYNN DRIGGERS, was deliberately indifferent to the plaintiff's constitutional right to access the courts and

intentionally deprived the plaintiff his right to send certified mail, contrary to clearly established law §766.106(2)(a) Fla. Stat.;

## COUNT EIGHT

53. Defendant M. WILLIS, was deliberately indifferent to the plaintiff's constitutional right to access the courts and intentionally deprived the plaintiff his right to send certified mail, contrary to clearly established law §766.106(2)(a) Fla. Stat.,;

**B. CONSPIRACY:**
  **Title 42 USC § 1985(3), §1986**
  **Fla.Stat. §777.04(3) Fla. Stat.,**

54. Plaintiff alleges a cause of action for conspiracy for the intentional interference with plaintiff's rights to timely seek proper medical care by defendants, contrary to the 8th and 14th Amendments of the United States Constitution; Title 42, Section 1985(3) of the United States Code, and in willful violation of clearly established laws §766.204; §766.106(2)(a) Fla. Stat.;

## COUNT NINE

55. Plaintiff alleges defendants Joseph Shubert MD, as Executive Director CORIZON HEALTH SERVICES CORIZON, M. Willis, R. Wolf, and D. Douglas, conspired between each other in an attempt to deny timely medical care, and actively engaged in activity to delay necessary treatment for plaintiff, in denying access to medical records as provided by law, and as a result thereof, plaintiff suffered injury;

## COUNT TEN

56. Plaintiff alleges defendants M. WILLIS and LYNN DRIGGERS, conspired between each other in an attempt to deny plaintiff of his constitutional rights to seek redress of grievances by denying plaintiff of his statutory obligations to Notice the Department of Insurance and each defendant through certified mail, and actively engaged in actions to delay necessary notice and treatment for plaintiff, and as a result thereof, plaintiff suffered injury;

13

## C. NEGLIGENCE:
### Florida Stat. § 768.28

57. Plaintiff alleges a cause of action for negligence against the defendants for the failure to use proper care in the performance of their respective duties;

### COUNT ELEVEN

58. Plaintiff alleges defendant MICHAEL CREWS-Secretary **DEPARTMENT OF CORRECTIONS**, was grossly negligent in the performance of his duties as **Secretary** in failing to supervise or ensure enforcement of the Department's policy by his employees, agents, and representatives, relating to the mandatory statutory obligation of the Florida Department of Corrections to provide medical record copies for indigent prisoners in compliance with § 945.6038(1)(b) Fla. Stat., and as a result of the failure to properly supervise or train its employees, agents, and representatives, plaintiff suffered injury.

### COUNT TWELVE

59. Plaintiff alleges defendant MICHAEL CREWS-Secretary **DEPARTMENT OF CORRECTIONS**, was grossly negligent in the performance of his duties as **Secretary** in failing to properly supervise or ensure enforcement of the Department's policy by his employees, agents, and representatives, relating to the mandatory statutory obligation of the Florida Department of Corrections to permit indigent prisoners to comply with statutory Process and Notice requirements in compliance with §766.106(2)(a) Fla. Stat., and as a result of the failure to properly supervise or train its employees, agents, and representatives, plaintiff suffered injury.

### COUNT THIRTEEN

60. Plaintiff alleges defendant M. WILLIS, was negligent in the performance of his duties as Assistant Warden, in failing to ensure that the employees, agents, and representatives of the Department of Corrections complied with the statutory and mandatory duty to permit the plaintiff to send certified mail as required by clearly established laws regarding the process and notice requirements, and as a result thereof, plaintiff suffered injury.

## COUNT FOURTEEN

61. Plaintiff alleges defendant M. WILLIS, was negligent in the performance of his duties as Assistant Warden, in failing to ensure that the employees, agents, and representatives of the Department of Corrections complied with the statutory and mandatory duty to permit the plaintiff to obtain medical records as required by clearly established laws regarding the presuit requirements, and as a result thereof, plaintiff suffered injury.

## COUNT FIFTEEN

62. Plaintiff alleges defendant, R. Wolf-Senior Admin., was negligent in the performance of her duties as Senior Administrator of Cross City Medical Clinic in failing to ensure that plaintiff was provided copies of his medical records to comply with mandatory presuit requirements of §766. Fla. Stat., and as a result thereof, plaintiff suffered injury.

## COUNT SIXTEEN

63. Plaintiff alleges defendant, D. Douglas SRN, was negligent in the performance of her duties as acting Senior Administrator of Cross City Medical Clinic in failing to ensure that plaintiff was provided copies of his medical records to comply with mandatory presuit requirements of §766. Fla. Stat., and as a result thereof, plaintiff suffered injury.

## COUNT SEVENTEEN

64. Plaintiff alleges defendant, Joseph Shubert MD, and was negligent in the performance of his duties as Executive Director CORIZON HEALTH SERVICES in failing to ensure that plaintiff was provided copies of his medical records to comply with mandatory presuit requirements of §766. Fla. Stat., and as a result thereof, plaintiff suffered injury.

## COUNT EIGHTEEN

65. Plaintiff alleges defendant, Lynn Driggers, was negligent in the performance of her duties as Mailroom Supervisor, in failing to ensure that plaintiff was permitted to mail certified copies of his Notice Requirements to comply with mandatory presuit requirements of §766. Fla. Stat., and as a result thereof, plaintiff suffered injury

**D. DENIAL OF DUE PROCESS:**
**Fifth, Eighth and Fourteenth Amendments U.S. Const.;**
   **Article I, Sections §2, §9 Fla. Const.**

### COUNT NINETEEN

> 66. Plaintiff alleges defendants, Joseph Shubert MD as Executive Director for CORIZON HEALTH SERVICES, M. Willis, Lynn Driggers, R. Wolf, D. Douglas, intentionally interfered with the plaintiff's First Amendment right to redress grievances against government action through use of the legal process by intentionally failing to follow FDOC policies requiring that Medical provide presuit copies of prisoners medical files and place liens on prisoners unable to pay costs; and to provide for the mailing of certified legal mail-return receipt requested as required by statute in compliance with mandatory process and notice requirements.

WHEREFORE, plaintiff seeks the following:

### VII. RELIEF SOUGHT

67. Plaintiff initially seeks mandamus relief against defendant **DEPARTMENT OF CORRECTIONS**, requiring defendant's employees, agents, and representatives to perform statutory duties permitting plaintiff to acquire copies of his medical files and to send certified mail-return receipt requested, in compliance with statutory and mandatory requirements of law;

68. Plaintiff seeks injunctive relief against defendant **DEPARTMENT OF CORRECTIONS** enjoining the defendant, its employees, agents, and representatives, from refusing to provide medical records due to the inability of prisoners to pay *as required by law*; and further, enjoining the defendant, its employees, agents, and representatives, from refusing to permit the mailing of certified mail-return receipt requested due to the inability of prisoners to pay as *required by law*.

69. Plaintiff seeks general and special damages in tort for negligence; deliberate indifference to constitutional infringement of plaintiff's rights; and equitable compensation for the intentional wrongful acts and/or omissions by the defendants, Joseph Shubert MD as

16

Executive Director of CORIZON HEALTH SERVICES, M. Willis, R. Wolf, D. Douglas, Lynn Driggers, in an amount in excess of fifteen thousand ($15,000.00) dollars in U.S. currency;

70. Plaintiff seeks five thousand ($5,000.00) dollars in U.S. currency per defendant engaged in conspiracy to deprive plaintiff of his constitutional rights through failure to prevent injury to plaintiff by other persons, as provided by Title 42, Sections 1985(3) and 1986 of the United States Code;

WHEREFORE, plaintiff requests judgment against defendants for damages in a sum within the jurisdictional limits of this court, together with all costs of suit, and any further relief as the court deems proper.

Dated: This 5th day of March, 2014.

Respectfully submitted,

Rayl Lynn Kellar 929404
Plaintiff pro se