**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

RYAN LYNN KELLAR,

       Plaintiff,

v.                                                              CASE NO.  4:14cv84-RH/GRJ

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.

_____/


## ORDER ON MOTIONS TO DISMISS


      This is a prisoner civil-rights case.  The plaintiff, an inmate in the Florida

Department of Corrections ("DOC"), asserts he needs surgery for a knee injury.

The plaintiff says a DOC doctor has confirmed the need for surgery but that DOC

has refused to provide it.  The plaintiff has sued DOC, the Florida Correctional

Medical Authority ("CMA"), and three individuals who, according to the

complaint, had a hand in denying the surgery.  The plaintiff claims that the

defendants violated the Eighth Amendment and were negligent.  The plaintiff also

asserts other claims.

The defendants have moved to dismiss on a variety of grounds. The motions are before the court on the magistrate judge's report and recommendation, ECF No. 55. No objections have been filed.

This order upholds the Eighth Amendment claims against the individual defendants. The order upholds the negligence claim against one of the individual defendants. The order dismisses the other claims but grants leave to amend in limited respects.

## I.  Background

The complaint alleges that the plaintiff Ryan Lynn Kellar suffered a serious knee injury while a DOC prisoner in 2007. The complaint alleges that DOC refused to provide appropriate medical care until 2010, when a doctor ordered the proper tests and concluded that Mr. Keller urgently needed surgery. The complaint alleges that DOC scheduled the surgery once—on a date cancelled by Mr. Kellar so that he could attend a previously scheduled meeting with his attorney—and that DOC has refused to reschedule the surgery.

The complaint names as defendants DOC, CMA, and three individuals (assistant warden C. L. West Jr., senior administrator R. Wolf, and Dr. L. Carrero), all of whom, according to the complaint, had a hand in denying the surgery. A fourth individual has been voluntarily dismissed.

Page 3 of 13

The complaint includes 14 counts but in substance asserts these claims. First, in denying the necessary medical care, the defendants violated the Eighth Amendment, thus allowing Mr. Kellar to recover under 42 U.S.C. § 1983.  Second, Mr. West interfered with Mr. Kellar's right to pursue his grievance about the denial of medical care, thus violating the Due Process Clause and again allowing Mr. Kellar to recover under § 1983.  Third, in denying medical care, Dr. Carrero was grossly negligent, and the other defendants were negligent, thus allowing recovery under Florida law.  Fourth, the defendants *conspired* to deny Mr. Kellar medical care, allowing recovery under 42 U.S.C. §§ 1985(3) and 1986 and Florida Statutes § 777.04(3).

## II.  Standards on a Motion To Dismiss for Failure To State a Claim

A district court should grant a motion to dismiss for failure to state a claim unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  For purposes of a motion to dismiss, the complaint's factual allegations, though not its legal conclusions, must be accepted as true.  *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A motion to dismiss is not the vehicle by which the truth of a plaintiff's factual allegations should be judged.  Instead, it remains true, after *Twombly* and

*Iqbal* as before, that "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993).

## III.  Eighth Amendment Claims against the State Agencies

Federal claims of the kind asserted by Mr. Kellar may go forward to the extent allowed by 42 U.S.C. § 1983.  That statute provides a claim against any "person" who deprives the plaintiff of federal rights.  But a state or state agency is not a "person" within the meaning of § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

A § 1983 claim can go forward against a city or other political subdivision when certain criteria are met.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  But *Will* trumps *Monell*: a § 1983 claim cannot go forward against a state agency, even when *Monell* would allow a claim to go forward against a city or other political subdivision.  Mr. Kellar's § 1983 claims against the defendant state agencies must be dismissed.

## IV.  Eighth Amendment Claims against the Individual Defendants

The result is different for Mr. Kellar's Eighth Amendment claims against the individual defendants.  A correctional official or prison doctor violates the Eighth Amendment when the person decides, for reasons unrelated to proper medical care,

not to provide appropriate treatment for a serious medical need.  *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976) (holding that a correctional official violates the Eighth Amendment when the official is deliberately indifferent to a prisoner's serious medical need).  Mr. Kellar has sufficiently alleged that each individual defendant knowingly took part in the denial of appropriate treatment for a serious medical need.  Mr. Kellar may seek relief under § 1983.

The claims for retrospective relief—that is, damages—may go forward against these defendants in their individual capacities.  The claims for prospective relief—an injunction—may go forward against these defendants in their official capacities.  Mr. Kellar cannot recover damages against these defendants in their official capacities.  *See, e.g.*, *Edelman v. Jordan*, 415 U.S. 651 (1974) (holding that the Eleventh Amendment bars retrospective relief under § 1983 that would be payable from the state treasury).

Qualified immunity applies to damages claims against public employees and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  *See generally Carroll v. Carman*, 135 S. Ct. 348 (2014); *Hope v. Pelzer*, 536 U.S. 730 (2002); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  Thus a public employee may be held individually liable only if the employee's conduct violates clearly established law.  Here *Gamble* clearly established the controlling law long before the events at issue.  The individuals

may or may not have done what Mr. Kellar alleges—but if they did, they violated
clearly established law.

## V.  Due Process Claims

As properly set out in the report and recommendation, Mr. Kellar has not
alleged facts showing a due-process violation.  This order dismisses the due-
process claim.

## VI.  Conspiracy Claims

Mr. Kellar also asserts conspiracy claims under 42 U.S.C. §§ 1985(3) and
1986 and Florida Statutes § 777.04(3).  The first of these, § 1985(3), provides a
claim against "persons" who conspire to deprive a plaintiff of certain rights.
Similarly, § 1986 provides a claim against a "person" who neglects or refuses to
prevent such a deprivation.  Under these statutes, as under § 1983, a state agency is
not a "person."  *See, e.g.*, *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

Florida Statutes § 777.04(3) makes it a separate crime to conspire to commit
a crime.  Mr. Kellar has alleged no facts showing that any defendant committed a
crime, and in any event, § 777.04(3) does not create a private right of action.  Mr.
Kellar cannot recover under that statute.

Finally, any conspiracy claim against the agencies or individual defendants
also fails for lack of sufficient factual allegations.

It bears noting, though, that this ruling makes no significant difference. The § 1985 and 1986 claims add nothing of substance to the § 1983 claims. The § 777.04(3) claim adds nothing of substance to the state-law negligence claims. This order dismisses these claims.

### VII.  Negligence Claims against the State Agencies

The State of Florida has waived its sovereign immunity from some but not all tort claims. *See* Fla. Stat. § 768.28. Mr. Kellar has adequately pleaded the substance of state-law negligence claims against DOC. Whether he has adequately pleaded the substance of a negligence claim against CMA is less clear, but, in light of the ruling on the notice issue set out below, this makes no difference at this time.

The negligence claims are not barred by the Eleventh Amendment because Mr. Kellar filed the case in state court. The agencies removed the case to this court and, by doing so, waived their Eleventh Amendment immunity. *See Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 616, 624 (2002) (holding that "removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter (here of state law) in a federal forum.").

A condition precedent to a state-law tort claim against a state agency is the giving of presuit notice under Florida Statutes § 768.28(6). Notice must be given

both to the affected agency and to the Department of Financial Services.  A

plaintiff may file suit on the claim only after (1) DFS or the affected agency has

denied the claim, *see* § 768.28(6)(a), or (2) six months have passed since the notice

was given, *see* § 768.28(6)(d).  (The period is 90 days for a medical-negligence

claim, but Mr. Kellar's claims probably are not medical-negligence claims within

the meaning of the statute.)

Mr. Kellar gave notice of his claim nearly three years before he filed this

lawsuit.  But as one might expect from a prisoner negotiating a technical statute on

his own, Mr. Kellar apparently missed some of the fine points.  Indeed, he

apparently missed even some of the not-so-fine points.  The state agencies say this

is fatal to the state-law claims against them.

Mr. Kellar gave notice to DFS on March 3, 2011.  The notice explicitly

mentioned CMA as well as "an unknown health care provider and its employees,

Dr. J. Gonzalez, Dr. L. Carrero."  The "unknown health care provider" may have

been DOC, which employed Drs. Gonzalez and Carrero.  But the notice did not

explicitly name DOC.  Perhaps more importantly, Mr. Kellar did not provide a

copy of that notice directly to CMA or DOC.

Mr. Kellar provided a different notice to DOC on October 24, 2013, and

DOC forwarded that notice to DFS.  Mr. Kellar sent a notice directly to DFS on

November 12, 2013.  Mr. Keller filed this lawsuit in state court on December 9, 2013.

This order dismisses the negligence claims against DOC and CMA but grants leave to amend.  Mr. Kellar apparently still has not had the surgery he says he needs, so the deadline for giving notice has not passed.  At this point, more than six months have passed since Mr. Kellar gave notice to DFS and DOC.  Mr. Kellar thus may amend at this time to reassert these same claims against DOC.  *Cf. Motor v. Citrus Cnty. School Bd.*, 856 So. 2d. 1054 (Fla. 5th DCA 2003) (affirming a judgment for the defendant based on the plaintiffs' failure to give notice but emphasizing that the judgment was proper because the deadline for giving notice had passed, thus suggesting that the lawsuit could have continued had the plaintiffs been able to cure the error).  Or Mr. Kellar may file a new lawsuit against DOC, and it can be consolidated with this case.

Mr. Kellar may give explicit notice to CMA now and amend or file a new lawsuit in six months.  But before Mr. Kellar reasserts his claims against CMA, he should carefully research Florida law addressing CMA's role in the provision of medical care to DOC prisoners.  A claim against CMA will survive only if Mr. Kellar can allege in good faith facts sufficient to overcome CMA's position, as set out in the motion to dismiss, that the duty to provide medical care rests only with DOC, not with CMA.

The bottom line is this.  The state agencies can make this as difficult as they wish, but sooner or later, DOC, at least, apparently will have to confront Mr. Kellar's negligence claims on the merits.

## VIII.  Negligence Claims against the Individuals

An individual state employee can be held liable for a tort committed within the scope of employment only if the employee "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."  Fla. Stat. § 768.28(9)(a).

Mr. Kellar has adequately alleged that Dr. Carrero so acted.  Indeed, Mr. Kellar has explicitly alleged that Dr. Carrero was "grossly negligent."  Compl. at 13; ECF No. 3-1 at 16.  But Mr. Kellar's allegations against Mr. West and Mr. Wolf are different; Mr. Kellar alleges only that they were "negligent."  Compl. at 13-14; ECF No. 3-1 at 16-17.  Especially when contrasted with the allegation of "gross" negligence by Dr. Carrero, the allegations against Mr. West and Mr. Wolf are insufficient to meet the standard imposed by § 768.28(9)(a).

## IX.    Medical Presuit Requirements

Florida law imposes presuit requirements and a two-year limitations period for medical-negligence claims.  *See, e.g.*, Fla. Stat. § 766.106; *id*. § 95.11(4)(b).  The motions to dismiss do not invoke these requirements.  And that makes sense.  Mr. Kellar's claim is not that the defendants made a medical error, but that, for

reasons unrelated to medical judgment or performance, the defendants consciously chose not to provide the needed care.

In *Jones v. Campbell*, No. 4:12cv458 (N.D. Fla. Dec. 20, 2012), ECF No. 26, I addressed a motion to dismiss a prisoner's Florida state-law negligence claim for failing to comply with the medical-negligence presuit requirements:

> Both sides agree that the presuit requirements apply to state-law medical-negligence claims in federal as well as state court and to those brought by prisoners as well as others. Mr. Jones apparently concedes that he did not comply with the presuit requirements. He asserts, though, that the requirements do not apply to his claims, because the claims are for negligence that does not constitute *medical* negligence.
>
> It is clear that a prisoner can assert a negligence claim against a defendant without complying with the presuit requirements, even when medical care is involved, so long as the claim does not assert *medical* negligence. *See, e.g.*, *Harris v. Sheriff, Jefferson Cnty. Fla.*, 460 F. App'x 896 (11th Cir. 2012) (per curiam) (upholding a county-jail inmate's negligence claim against a sheriff for delay in providing medical care; the plaintiff did not comply with the presuit requirements, and no issue was made of the failure); *Nobles v. Corrections Corp. of America*, No. 4:07cv288, 2008 WL 686962 (N.D. Fla. March 12, 2008) (dismissing a prisoner's medical-negligence claim for failing to comply with the presuit requirements but upholding a claim based on other negligence). In general, a claim asserts medical negligence if the claim will succeed only on a showing that the defendant—or a person for whose acts a defendant is vicariously liable—failed to comply with the standard of care applicable to a medical professional of the relevant kind. *See, e.g.*, *Svenningson v. Prison Health Servs., Inc.*, No.6:07cv1716, 2007 WL 3340453, at *2 (M.D. Fla. Nov. 9, 2007) (holding the presuit requirements applicable because "the resolution of this case will require the application of the prevailing professional standard of care for a healthcare provider").

*Id.* at 4-5.  I quoted and applied this same passage in *Collins v. Campbell*, No. 4:13cv374 (N.D. Fla. Oct. 11, 2013), ECF No. 19; and *Garcia v. Corr. Corp. of Am.*, No. 4:14cv336 (N.D. Fla. Nov. 10, 2014), ECF No. 19.

## X.   Conclusion

For these reasons, and based in part on the further explanation and authorities set out in the report and recommendation,

IT IS ORDERED:

1.   The motions to dismiss, ECF Nos. 16, 34, and 51, are GRANTED IN PART and DENIED IN PART.

2.   The claims against the individual defendants under the Eighth Amendment and § 1983 remain pending.

3.   The state-law negligence claims against the defendant Dr. Carrero remain pending.

4.   All other claims are dismissed.  I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

5.   Mr. Kellar is granted leave to file an amended complaint.  The amended complaint may include the claims that this order does *not* dismiss and may include amended state-law negligence claims.  The amended complaint must not include the other claims dismissed by this order.

6.   The clerk must send to Mr. Kellar, with the service copy of this order, a § 1983 complaint form.  Any amended complaint must be submitted on the complaint form.  Any amended complaint will completely replace the original complaint.  Any amended complaint thus must include a full statement of all Mr. Kellar's remaining claims.  Any amended complaint must be clearly labeled as an amended complaint.

7.   The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on March 22, 2015.

s/Robert L. Hinkle
United States District Judge