PROVIDED TO
CROSS CITY C.I. ON
APR 28 2015
FOR MAILING

AMENDED

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

## CIVIL RIGHTS COMPLAINT FORM

TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

RAYL LYNN KELLAR,
Inmate # 929404.
(Enter full name of Plaintiff)

vs.

CASE NO: 4:14cv84 RH/GRJ
(To be assigned by Clerk)

Julie Jones - Secretary - FDOC,
C.L West Jr., R. Wolf,
Dr. L. Carrero,
,
.

(Enter name and title of each Defendant. If additional space is required, use the blank area below and directly to the right.)

ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

Filed0430'15UsDcFlnPM1218

## I. PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: RAUL LYNN KELLAR
Inmate Number 929404
Prison or Jail: CROSS CITY CORRECTIONAL INST.
Mailing address: 568 N.E. 255th STREET
CROSS CITY, FL 32628-5877

## II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1) Defendant's name: JULIE JONES
Official position: SECRETARY
Employed at: FLA. DEPT. OF CORRECTIONS
Mailing address: 501 S. CALHOUN STREET
TALLAHASSEE, FL 32399-2500

(2) Defendant's name: C.T. WEST JR.
Official position: ASSIST. WARDEN/GRIEVANCE COORDINATOR
Employed at: FLA. DEPT. OF CORRECTIONS
Mailing address: 501 S. CALHOUN STREET
TALLAHASSEE, FL 323992500

(3) Defendant's name: R. WOLF
Official position: SENIOR HEALTH ADMINISTRATOR
Employed at: FDOC/CORIZON HEALTH SERVICES
Mailing address: 568 N.E. 255th STREET
CROSS CITY, FL 32628-5877

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

ADDITIONAL DEFENDANTS:

(4) L. CARRERO-MD/CHO
CHIEF MEDICAL OFFICER
(ADDRESS PROVIDED BY FDOC TO USMS in confidence)

NOTE: THE COURT WILL NOT REVIEW THE MERITS OF THE COMPLAINT UNLESS THE FOLLOWING QUESTIONS HAVE BEEN ANSWERED REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES AND ANY PRIOR LAWSUITS THAT HAVE BEEN FILED.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff must submit copies of all grievances, appeals, and responses with this complaint to verify exhaustion. Failure to demonstrate exhaustion may be grounds for dismissal.

**A. DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?**

Yes( ✓ ) No( )

[If your answer is NO, proceed to Question B. If your answer is YES, answer all of the following questions in this subsection.]

**1. Informal Grievance**

a. Did you submit an informal grievance?

Yes( ) No( X )

❖ If so, you must attach a copy of the grievance and response; exhibit ____.

b. If not, why? Not Required for Medical Grievances (FAC Ch. 33)

**2. Formal Grievance**

a. Did you submit a formal grievance?

Yes( ✓ ) No( )

❖ If so, you must attach a copy of the grievance and response; exhibit A-C

b. If not, why? ____________________

**3. Appeal to the Office of the Secretary**

a. Did you submit an appeal to the Office of the Secretary?

Yes( ✓ ) No( )

❖ If so, you must attach a copy of the appeal and response; exhibit A-C.

b. If not, why? ____________________

ESQUIVIA MUNTZ, Cynthia, MD
NOT DR. KLINE 3-29-11

# EXHIBIT A

[Doc 2A]

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: [X] Warden [ ] Assistant Warden [ ] Secretary, Florida Department of Corrections

From: KELLAR RAYL L — 929404 — CROSS CITY
Last First Middle Initial — Number — Institution
1101-211-221

Part A – Inmate Grievance

THIS IS A GRIEVANCE OF A MEDICAL NATURE AGAINST THE CORRECTIONAL MEDICAL AUTHORITY AND DR. GONZALEZ FOR TAKING IN EXCESS OF TWO YEARS TO EVALUATE MY MEDICAL INJURIES. I INITIALLY INJURED MY KNEES AND ANKLE AT COLUMBIA ANNEX WHILE WORKING CONSTRUCTION I FELL OF THE TOP BUNK IN MY HOUSING ASSIGNMENT. I WAS GIVEN CRUTCHES AND XRAY OF MY ANKLE BUT NOT MY KNEE, I COMPLAINED OF INJURY TO MY KNEES AND WAS TOLD IT WAS JUST A PULLED MUSCLE, THEN OLD AGE. I DID NOT RECIEVE X-RAYS FOR TWO YEARS AT CROSS CITY UNTIL DR. CARRERO ARRIVED. SHE IS THE ONLY DOCTOR THAT PERFORMED ANY EXAMINATION AND ORDERED X-RAYS ALTHOUGH SHE SUSPECTED I NEEDED AN MRI TO DETERMINE THE INJURY, SHE EXPLAINED THAT DEPARTMENT PROCEDURES REQUIRED XRAYS FIRST. THE MRI REVEALED MUSCULAR TEARING THAT DR. KLINE SAID REQUIRED SURGERY URGENTLY. THAT WAS IN APRIL 2010, AND I STILL HAVE NOT HAD SURGERY ALTHOUGH I JUST RETURNED FROM THE MEDICAL RECEPTION CENTER AFTER WAITING A MONTH AND A HALF. I WAS TOLD I WOULD BE RESCHEDULED FOR SURGERY IN JACKSONVILLE ON MY RETURN TO CROSS CITY.

I WANT TO KNOW WHY THE CORRECTIONAL MEDICAL AUTHORITY HAS ALLOWED OVER TWO YEARS TO EXPIRE BEFORE GETTING THE XRAYS AND MRI. IF IT WAS THE POLICY, WHY WASN'T IT FOLLOWED BY DR. GONZALEZ AND THE DOCTORS AT COLUMBIA C.I. ANNEX AND CROSS CITY BEFORE DR. CARRERO ARRIVED, AND WHY I HAVE NOT BEEN GIVEN PAIN MEDICATION SINCE AUGUST 2010.

I PREVIOUSLY WROTE A GRIEVANCE OF A MEDICAL NATURE THAT WAS RESPONDED TO BY ASSIST. WARDEN WEST. HE DID NOT EXPLAIN THE REASON FOR THE 2 YEAR DELAY OR WHY I HAVEN'T BEEN GIVEN PAIN MEDICATION FOR AN OBVIOUS INJURY.

1-25-11 — Rayl Kellar 929404
DATE — SIGNATURE OF GRIEVANT AND D.C. #

BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: NONE
\# Signature

**PART B - RESPONSE**

| KELLAR, RAYL | 929404 | 1101-211-221 | CROSS CITY C.I. | F3102L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

I have read your request for Administrative Remedy and reviewed your medical record. Nothing in your record reflects that you have been appropriate medical care. December 17,2010 you were sent to RMC for surgery, however due to you allergy with latex it was not completed. You are being rescheduled for this event. You may exercise your option to utilize sick call as needed to address your pain issues, co-pay will apply.

Based on the above information, your Request for Administrative Remedy or Appeal is denied. You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by paragraphs 33-103.007 (3)(a) and (b), F.A.C., and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 2601 Blair Stone Road, Tallahassee, Florida 32399-2500.

R. Wolf
Senior Health Services Administrator

C. L. West, Jr.
Assistant Warden

CARRERO, MD. CHO
CROSS CITY C.I.

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

2/15/11
DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

MAILED FROM THE OFFICE OF GRIEVANCE COORDINATOR
2/16/11

**PART C - RECEIPT (TO BE COMPLETED BY DC STAFF)**

RETURN TO:

| KELLAR, RAYL | 929404 | 1010-211-012 | CROSS CITY C.I. | E1106L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

07O (OTHER (MEDICAL))

| 10/13/10 | 1010-211-012 |
|---|---|
| DATE | GRIEVANCE LOG NUMBER |

**PART C - RECEIPT (TO BE COMPLETED BY DC STAFF)**

RETURN TO:

| KELLAR, RAYL | 929404 | 1101-211-221 | CROSS CITY C.I. | F3102L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

07O (OTHER          (MEDICAL))

| 1/28/11 | 1101-211-221 |
|---|---|
| DATE | GRIEVANCE LOG NUMBER |

# EXHIBIT B

[Doc 2b]

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

INMATE GRIEVANCES
DEPARTMENT OF CORRECTIONS
FEB 25 2011
RECEIVED

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☐ Warden ☐ Assistant Warden ☒ Secretary, Florida Department of Corrections

From: KELLAR, RAYL L 929404 CROSS CITY CORRECTIONAL INST.
Last First Middle Initial Number Institution

Part A – Inmate Grievance

11-6-05974

APPEAL FROM A GRIEVANCE OF A MEDICAL NATURE, I AM CONTINUING TO GRIEVE THE FAILURE OF THE CORRECTIONAL MEDICAL AUTHORITY, DR. GONZALES, AND OTHERS, TO PROVIDE TIMELY AND CORRECTIVE MEDICAL CARE, IT HAS TAKEN IN EXCESS OF 2½ YEARS TO PROPERLY DIAGNOSIS THE MUSCULAR TEARS IN MY (R) LEG, AND ALMOST A YEAR HAS PASSED SINCE THEN AND I HAVE NOT BEEN TO THE SURGEON FOR THE NECESSARY OPERATION. THE 2½ YEAR DELAY BY THE CORRECTIONAL MEDICAL AUTHORITY'S REPRESENTATIVE HEALTH CARE PROVIDERS IS EXCESSIVE AND THE FAILURE TO PROVIDE PAIN MEDICATION AFTER AUG '10 THRU JAN '11 WAS UNWARRANTED AS I HAD BEEN TO SICKCALL ON 3 SEPARATE OCCASSIONS COMPLAINING OF PAIN AFTER THE MRI REVEALED MUSCULAR TEARS AND AFTER DR. KLINE STATED THAT SURGERY WAS NEEDED URGENTLY. I WANT THE NAME OF THE HEALTH CARE PROVIDER FOR THE YEARS '07-'11 AND A COPY OF THE MEDICAL AUTHORITY'S POLICY AS IT RELATES TO DIAGNOSTICS OF INMATE COMPLAINTS BY THE HEALTH CARE PROVIDERS, WITH SIMILIAR INJURIES & TREATMENT.

PURSUANT TO 33-103.011(4) F.A.C., THE INSTITUTIONAL RESPONSE FALLING OUTSIDE THE LIMITATIONS EXPRESSED IN 33-103.006 F.A.C. ON GRIEVANCE NO: 1101-211-221 DATED 1-28-11, THIS APPEAL IS FORWARDED WITHOUT INSTITUTIONAL RESPONSE, AND THEREFORE, THE RESPONSE OF THE GRIEVANCE AT INSTITUTIONAL LEVEL IS NOT ADEQUATE TO ADDRESS MY CONCERNS.

February 17, 2011
DATE

Rayl Kellar 929404
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: None
\# Signature

MAILED/FILED WITH AGENCY CLERK
MAR 04 2011
Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| KELLAR, RAYL | 929404 | 11-6-05974 | CROSS CITY C.I. | F3102L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Your request for Administrative Remedy or Appeal has not been filed in compliance with Chapter 33-103.006, Inmate Grievance Procedure. You did not provide this office with a copy of the formal grievance filed at the institutional level as required by rule or the reason you provided for by-passing that level of the grievance procedure is not acceptable.

Office of Health Services has been copied on your issue.

Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner) to resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure. Attach a copy of this response to your re-filed grievance.

Based on the foregoing information, your grievance is returned without action.

J. ADAMS

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

J. Adams
SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

3/2/11
DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

**PART C - RECEIPT (TO BE COMPLETED BY DC STAFF)**

RETURN TO:

| KELLAR, RAYL | 929404 | 11-6-06244 | CROSS CITY C.I. | F3102L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE IN' ATE IN REGARD TO THE FOLLOWING SUBJECT:

07A (GENERAL MEDICAL (MEDICAL))

| 2/28/11 | 11-6-06244 |
|---|---|
| DATE | GRIEVANCE LOG NUMBER |

# EXHIBIT C

[Doc 2c]

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: [X] Warden [ ] Assistant Warden [ ] Secretary, Florida Department of Corrections

From: KELLAR RAYL L — 929404 — CROSS CITY
Last First Middle Initial — Number — Institution
1101-211-221

Part A – Inmate Grievance

THIS IS A GRIEVANCE OF A MEDICAL NATURE AGAINST THE CORRECTIONAL MEDICAL AUTHORITY AND DR. GONZALEZ FOR TAKING IN EXCESS OF TWO YEARS TO EVALUATE MY MEDICAL INJURIES. I INITIALLY INJURED MY KNEE AND ANKLE AT COLUMBIA ANNEX WHILE WORKING CONSTRUCTION I FELL OF THE TOP BUNK IN MY HOUSING ASSIGNMENT. I WAS GIVEN CRUTCHES AND XRAY OF MY ANKLE BUT NOT MY KNEE, I COMPLAINED OF INJURY TO MY KNEE AND WAS told it WAS JUST A PULLED muscle, THEN OLD AGE. I DID NOT RECIEVE X-RAYS FOR TWO YEARS AT CROSS CITY UNTIL DR. CARRERO ARRIVED. SHE IS THE ONLY DOCTOR THAT PERFORMED ANY EXAMINATION AND ORDERED X-RAYS Although SHE SUSPECTED I NEEDED AN MRI TO DETERMINE THE INJURY, SHE EXPLAINED THAT DEPARTMENT PROCEDURES REQUIRED XRAYS FIRST. THE MRI REVEALED MUSCULAR TEARING THAT DR. KLINE SAID REQUIRED SURGERY URGENTLY. THAT WAS IN APRIL 2010, AND I STILL HAVE NOT HAD SURGERY Although I JUST RETURNED FROM THE MEDICAL RECEPTION CENTER AFTER WAITING A MONTH AND A HALF. I WAS Told I would BE REScheduled FOR SURGERY IN JACKSONville ON MY RETURN TO CROSS CITY.

I WANT TO KNOW WHY THE CORRECTIONAL MEDICAL AUTHORITY HAS ALLOWED OVER TWO YEARS TO EXPIRE BEFORE GETTING THE XRAYS AND MRI. If IT WAS THE POLICY, WHY WASN'T IT FOLLOWED BY DR. GONZALEZ AND THE DOCTORS AT COLUMBIA C.I. ANNEX AND CROSS CITY BEFORE DR. CARRERO ARRIVED, AND WHY I HAVE NOT BEEN GIVEN PAIN MEDICATION SINCE AUGUST 2010.

I PREVIOUSLY WROTE A GRIEVANCE OF A MEDICAL NATURE THAT WAS RESPONDED TO BY ASSIST. WARDEN WEST. HE DID NOT EXPLAIN THE REASON FOR THE 2 YEAR DELAY OR WHY I HAVEN'T BEEN GIVEN PAIN MEDICATION FOR AN OBVIOUS INJURY.

1-25-11 — DATE

Ray Kellar 929404 — SIGNATURE OF GRIEVANT AND D.C. #

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** NONE
# Signature

INSTRUCTIONS

4. **Disciplinary Actions**

a. Did you have a disciplinary hearing concerning this matter?

Yes( ) No(✓)

❖ If so, you must attach a copy of the disciplinary report and disciplinary hearing team's findings and decision to this form; exhibit ______.

b. Did you lose gaintime as a result of the disciplinary hearing?

Yes( ) No(✓)

c. Has the gaintime since been restored?

Yes( ) No(✓)

**B. DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY JAIL OR DETENTION CENTER?**

Yes( ) No(✓)

[If your answer is NO, proceed to Section IV of the complaint form. If your answer is YES, answer the following questions.]

1. Is there a grievance procedure at your institution or jail?

Yes( ) No( )

[If your answer is NO, proceed to Section IV of the complaint form. If your answer is YES, answer all of the following questions in this subsection.]

2. Did you submit a grievance concerning the facts relating to your complaint?

Yes( ) No( )

3. If your answer is YES:

a. What steps did you take? ______________________________

b. What were the results? ______________________________

❖ If so, you must attach a copy of the grievance and response; exhibit _____.

4. If your answer is NO, explain why not: ______________________________

______________________________

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

## IV. PREVIOUS LAWSUITS

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( ✓ ) No( )

1. Parties to previous action:
   a. Plaintiff(s): RAYL LYNN KELLAR
   b. Defendant(s): SAME DEFENDANTS
2. Name of judge: ______ Case #: 2013 CA 003443
3. County and judicial circuit: LEON COUNTY - 2ND JUDICIAL CIRCUIT
4. Name of judge: John C. Cooper, CJ
5. Approximate filing date: 12/9/13
6. If not still pending, date of dismissal: 2/21/14
7. Reason for dismissal: TRANSFERED TO FEDERAL COURT 4:14-cv-84-RH/GRJ
8. Facts and claims of case: SAME AS Current CASE

**(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( ✓ ) No( )

1. Parties to previous action:
   a. Plaintiff(s): RAYL LYNN KELLAR
   b. Defendant(s): FDOC, FCMA, C.T. Weste, R. Wolf, Gonzalez, Carrero MD
2. District and judicial division: NORTHERN DISTRICT - GAINESVILLE
3. Name of judge: MAG Judge GARY JONES Case #: UNKNOWN
4. Approximate filing date: 2011
5. If not still pending, date of dismissal: UNKNOWN
6. Reason for dismissal: failure to cite Litigation History Accurately
7. Facts and claims of case: SAME as 4:14-cv 84 RH/GRJ

**(Attach additional pages as necessary to list other federal court cases.)**

IV. CONTINUATION - PREVIOUS LAWSUITS

A. STATE COURT ACTIONS

1.) PARTIES

a. Plaintiff - RAYL LYNN KELLAR

b. Defendants - JAMES CREWS - SECRETARY (FDOC); M. Willis; R. Wolf; LYNN DRIEGERS; D. DOUGLAS; CORIZON INC.

2.) NAME OF JUDGE: HON. JAMES HANKERSON - CIRCUIT Judge

CASE NO: 2014 CA 00663

3.) COUNTY AND JUDICIAL CIRCUIT: LEON COUNTY - SECOND JUDICIAL CIRCUIT

4) APPROXIMATE FILING DATE: APRIL 2014

5.) PENDING

6.) PENDING

7.) FACTS AND CLAIMS OF CASE: MANDAMUS TO COMPEL AGENCY TO REQUIRE DEPARTMENT EMPLOYEES TO PERFORM MANDATORY DUTIES TO PROVIDE MEDICAL RECORDS UNDER DISCOVERY PURSUANT TO PRESUIT STATUTORY REQUIREMENTS; AND MANDATORY DUTY TO SEND CERTIFIED MAIL FOR COMPLIANCE with STATUTORY AND Rule PROCEDURES; and individual suits against state employees for INTENTIONAL ACTS IN REFUSING MANDATORY DUTIES BASED upon Knowledgable, negligent, AND Malicious disregard to rights of plaintiff.

B. FEDERAL COURTS DEALING with SAME OR Similar FACTS; (None other than previously stated on page 5)

C. STATE COURT ACTIONS RELATING to INCARCERATION;

* SEE ATTACHED LIST OF State ACTIONS

C. STATE ACTIONS KELLAR V. STATE — CASE NO:

| | | CASE NO: |
|---|---|---|
| TAYLOR Co. | *1. 690 So.2d 630 (1st DCA 1997) | 95-3597 |
| 1st DCA-LEON Co. | *2. 697 So.2d 511 (SC 1997) REV. DENIED | SC 90468 |
| TAYLOR Co. | *3. 712 So.2d 1133 (1ST DCA 1998) Rev. Remanded | 98-112 |
| TAYLOR Co. | *4. 796 So.2d 1167 (1ST DCA 2001) | 1D01-515 |
| Gulf Co. | 5. 812 So.2d 409 (1ST DCA 2002) | 1D01-1684 |
| MANDAMUS | 6. 820 So.2d 1015 (1ST DCA 2002) Kellar v. Moore | 1D01-4008 |
| TAYLOR Co. | *7. 902 So.2d 798 (1ST DCA 2005) | 1D05-0105 |
| Columbia Co. | 8. 902 So.2d 138 (1ST DCA 2005) Kellar v. Coggins | 1D04-2224 |
| TAYLOR Co. | *9. 933 So.2d 526 (1ST DCA 2006) | 1D06-0330 |
| | *10. 888 So.2d 627 (1ST DCA 2004) Kellar v. Crosby CERT. DENIED | 1D04-1486 |
| | *11. 60 So.3d 1057 (1ST DCA 2011) ALL WRITS Denied | 1D11-01398 |
| | *12. 65 So.3d 516 (SC 2011) | SC 110 1142 |
| TAYLOR Co. | *13. 86 So.3d 1119 (1ST DCA 2012) | 1D12-0212 |
| TAYLOR Co. | *14. 132 So.3d 1191 (1ST DCA 2014) Belated Appeal | 1D13-5827 |
| TAYLOR Co. | *15. 134 So.3d 455 (1ST DCA 2014) | 1D13-2014 |
| MANDAMUS | 16. 103 So.3d 140 (SC 2012) | SC-12 1232 |
| Dixie Co. | ①17. 2014 WL 5335298 (1ST DCA 2014) | 1D14-4473 |

① Related CIVIL ACTION CASE NO: 2014CA 00663 - PENDING

* POST CONVICTION CHALLENGES TO CONVICTION AND/OR SENTENCING

D. FEDERAL ACTIONS:

STATEMENT UNDER PENALTY of PERJURY

I have filed both federal and state claims against the FLA. DEPT. OF CORRECTIONS for violations to NATIVE AMERICAN RELIGIOUS PRACTICES. I AM UNABLE to OBTAIN CASE NUMBERS, date of filings, Judges, OR RELIABLY RECALL the different parties.

C. Continued - Statement Under Penalty of Perjury

My Legal papers throughout 20 years incarceration has been (?) Lost, destroyed, or misplaced during periods of transfers, Administrative and disciplinary confinements, and I am, therefore, unable to reliabily recall my previous Litigation history. I have Attempted to factually re-create my State history on the basis of the Table of Cases on Westlaw, as provided by the Dept. of Corrections Computers with Premise, the only Available source of Caselaws.

A search of the Federal Supp., Supp. 2d, F.2d & F.3d does not reveal any cases, although they must not be cited, because I have filed a Federal Habeas Corpus Petition that was denied for failing to pay the filing fee (1997-98(?)). I also had a Federal suit against John Wesley Walker-Sheriff of Taylor Co. for illegal restraint for 4½ months for Child Support where I was never taken before the Judge but was Automatically sentenced to 6 months for failure to Appear at a child support Hearing. The Suit was filed in the Northern District and was dismissed by Judge Wm. Sherrill at Summary Judgment.

I was also dismissed on the original 2011 Case against DOC by the Court because I was not able to recite my Litigation History and was dismissed by Magistrate.

I Also recently filed for a second Habeas 2254 to the 11th Circuit Court of Appeals which was denied because it addressed

my illegal sentences not the convictions.

I recall filing a federal 1983 in Panama City/Pensacola under the Religious Restoration Act for the Department of Corrections while at Wewahitchka (Gulf Correctional Inst) in 2000-2003 which was dismissed for failure to state a claim against defendants or denying § 1983 action against the defendants. I have had cases dismissed as frivolous or malicious because I could not recall my litigation history Although I did provide a statement explaining why I was unable to comply with the Court's Order.

I Hereby Declare under the Penalty of perjury that I am the person writing this Statement and have personal knowledge of the facts contained in this Statement and that it is True and Correct on every issue and fact.

Dated this 27th day of April 2015.

Rayl Lynn Keller
Rayl Lynn Keller 929404
Plaintiff pro se

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(✓) No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below. SEE ATTACHED STATE ACTIONS (5b-5E)

1. Parties to previous action:
   a. Plaintiff(s): ____
   b. Defendant(s): ____
2. District and judicial division: ____
3. Name of judge: ____ Case #: ____
4. Approximate filing date: ____
5. If not still pending, date of dismissal: ____
6. Reason for dismissal: ____
7. Facts and claims of case: ____

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(✓) SEE STATEMENT ATTACHED (5c-5E) ~~No( )~~

1. Parties to previous action:
   a. Plaintiff(s): ____
   b. Defendant(s): ____
2. District and judicial division: ____
3. Name of judge: ____ Case Docket # ____
4. Approximate filing date: ____ Dismissal date: ____
5. Reason for dismissal: ____

**(Attach additional pages as necessary to list cases.)**

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (**If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.**)

SEE ATTACHED COMPLAINT <AMENDED>

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

SEE ATTACHED COMPLAINT <AMENDED>

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

SEE ATTACHED COMPLAINT <AMENDED>

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

April 28, 2015
(Date)

[signature]
(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on:
the 28 day of April, 2015.

[signature]
(Signature of Plaintiff)

Revised 07/02

UNTIED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RAYL LYNN KELLAR,
Plaintiff,

v. Case No.: 4:14-CV-84-RH/GRJ

JULIE JONES-SECRETARY
FLORIDA DEPARTMENT OF CORRECTIONS;
C.T. WEST JR; R. WOLF;
C CARRERO-MD/CHO;
Defendants.
_______________________________________/

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action to redress deprivations by the defendants of rights secured to the plaintiff by the Constitution(s) and laws of the United States and the State of Florida.
2. This cause of action is based upon the failure of the government obligation to provide timely medical care, by and through, deliberate indifference to serious medical needs of the plaintiff, constituting unnecessary and wanton infliction of punishment proscribed by the Due Process Clause of the Fifth Amendment and Fourteenth Amendment, and by the Eight Amendment, for intentionally interfering with prescribed treatment.
3. This action is further based upon the acts or omissions of agency employees, acting in their official capacities under color of law, that is, under the Constitutions, Law, Statutes, Rules or Regulations of the United States and the State of Florida. They are sued however, only in their individual capacities.

4.  The plaintiff seeks damages through compensatory, punitive, special, and general damages in compensation.

5.  This action is brought under the provisions of the Constitutions of both, the United States and State of Florida; Laws of the State of Florida and regulations of the Florida Administrative Code, Chapter 33 as provided for the operations of the State Agency-the Florida Department of Corrections.

## II. JURISDICTION

6.  Jurisdiction is invoked under the Constitution of the United States, Amendments Five, Eight, and Fourteen; Title(s) 28, Section 1331 and 42, Section 1983 of the United States Code.

7.  Jurisdiction is further invoked under Article I, Sections §17, §21, and §22 of the Florida Constitution; Article II, Section §8(d); and Article X, Section §13 of the Florida Constitution; and under Florida Statutes 768.28 and 768.72(2)(a-b).

## III. VENUE

8.  Venue is appropriate in the United States District Court, Northern District of Florida, because all of the events occurred in either Leon County or Dixie County Florida, or under the authority or supervision of the defendant Florida Department of Corrections, a government agency of the State of Florida, situated in Tallahassee, Florida.

9.  Venue is also appropriate in the Gainesville Division of the United States District Court-Northern Division, because the defendants reside or are employed by the defendant Florida Department of Corrections at Cross City Correctional Institution, situated in Dixie County Florida.

**IV PARTIES**

10. The Plaintiff, Rayl Lynn Kellar, is an adult citizen of the United States, and the State of Florida, currently incarcerated under care, custody, and control, of the defendant Florida Department of Corrections at Cross City Correctional Institution, 568 N.E. 255th Street, Cross City, Florida 32628 situated in Dixie County.

11. The defendant, Julie Jones-Secretary Florida Department of Corrections, is the final policy maker for the State agency (Hereinafter FDOC), and situated at 501 S. Calhoun Street, Tallahassee, Florida in Leon County.

12. Defendant C.T. West Jr.-Assistant Warden is currently employed by the defendant Florida Department of Corrections as Assistant Warden at Madison Correctional Institution, with a service address of 501 S. Calhoun Street, Tallahassee, Florida Situated in Leon County, in case of, the Florida Department of Corrections.

13. Defendant R. Wolf-Senior Health Administrative is currently employed by Corizon Inc., a contracted Health Care Provider at Cross City Correctional Institution, 568 N.E. 255th Street, Cross City, Florida, situated in Dixie in Dixie County.

14. Defendant C. Carrero-MD/CHO, has provided in confidence, an address location known to the United States Marshal's Service and this Honorable Court.

## V. STATEMENT OF FACTS

15. In 2006,[1] the plaintiff was injured as a result of a fall while assigned to prison construction at Columbia Correctional Institution-Annex in Lake City, Florida. The plaintiff fell from a top bunk in S Dormitory Housing Unit and was sent to the Medical Clinic ~~under a medical clinic~~ sick under a medical emergency for injury to his left and right ankles and right knee. Due to discoloration and swelling of the left ankle, x-rays were ordered for the left ankle but not the right ankle or knee. While given ambulatory assistance and medication for pain, plaintiff was not x-rayed until 3-4 days later. The x-rays included only the plaintiff's ankle and not ordered for the right ankle or knee, or if ordered, the x-rays were incomplete.

16. Plaintiff was transferred to Cross City Correctional Institution and was assigned various jobs in maintenance and prison industries (PRIDE). The plaintiff went to medical sick call on various occasions complaining of pain in his right knee. Through 2007-2010, plaintiff was seen by various nurses and doctors, none of whom investigated or initiated request for x-rays, nor performed any examinations other than visual.

17. Following several incidents whereby the plaintiff's knee collapsed and necessitating visits to sick call, the medical doctor conducted no examination other than visual, and stated that the pain was due to old age and would get worse. No x-rays were ordered to determine any actual injury.

18. Defendant C. Carrero-MD/CHO arrived in 2010 to replace the medical doctor at Cross City Correctional Institution. At the time, Dr. Carrero was employed by defendant Florida Department of Corrections or a contracted Health Care Senior Provider.

[1] Previously provided as 2007 in the original complaint, although a recent review of the medical records show the injury occurred in 2006.

19. When Dr. Carrero examined plaintiff in 2010, she noted that no x-rays had been performed on the knee since the injury was reported in 2006, and ordered that x-rays be taken, although she stated that the problem was probably in the muscles or tendons, however, policy required x-rays before an MRI could be ordered.

20. The X-Rays did not reveal any injury and an MRI was ordered and performed at Lake Butler Regional Medical Center.  Dr. Carlos Munoz Esquivia, MD, stated that there was massive muscular tearing and needed surgery urgently.  This was in excess of (31/2) three and one-half years since the original injury occurred.

21. Following the determination that surgery was urgently needed in April 2010, plaintiff made arrangements for an attorney visit.  The scheduled visit was made only after plaintiff, through his Mother, paid $500. Non-refundable advance to cover expenses, and arranged a meeting in June 2010.

22. On the day prior to the anticipated and scheduled legal visit, plaintiff was transferred at 4am to Lake Butler to prepare for surgery.  After explaining that he had a scheduled legal visit in conflict with the transfer, the nurse at Lake Butler advised the plaintiff to sign a medical refusal and plaintiff would be rescheduled.

23. After returning to Lake Butler plaintiff explained to the nurse, what the nurse at Lake Butler said about rescheduling the surgery.

24. When plaintiff still had no surgery performed by August 2010, plaintiff returned to sick call and was told by the nurse that defendant L. Carrero-MD/CHO, was upset because plaintiff had refused surgery and if the plaintiff still wanted it, he would have to start over with the whole procedure, including returning to sick call for 3 visits to see the doctor and paying the medical co-payment for each visit.

25. Plaintiff went through the sick call procedures while complaining of pain, and even though the doctor had previously prescribed medication for both pain and inflammation, defendant L. Carrero MD/CHO refused to reissue the medication even though there was no change in the original medical diagnosis or condition.

26. After waiting in excess of four months without medication or surgery, plaintiff exhausted the grievance process by filing a medical grievance for failure to provide surgery prescribed by a medical doctor or giving medication for pain and inflammation.

27. Although required by policy and regulation to have the Chief Medial Officer review and sign off on the medical grievance, defendant C.T. West Jr.-Assistant Warden and Grievance Coordinator, refused to follow clearly established procedures and requirements, and personally reviewed the medical records of the plaintiff, stating in his November 2, 2010 response that plaintiff was receiving proper medical care.

28. The intentional misconduct of defendant C.T. West Jr., was grossly negligent because he knew of the wrongfulness of his conduct in refusing to follow established policy and knew of the high probability that the injury would get worse with delay, and despite that knowledge, intentionally pursued the wrongful conduct by not referring the medical grievance to the Chief Medical Officer for evaluation, thereby causing additional delay in treatment of Plaintiff's medical needs prescribed by a medical doctor.

29. The grossly negligent actions are not alleged medical malpractice and arose independently, requiring no special medical skill or judgment other than that normally expected of a grievance coordinator in the regular performance of his duties, and defendant C.T. West Jr., knew of the inherent risks of additional injury by delay in treatment and chose consciously to

ignore the risk and refused the CHO evaluation of the medical claim, thereby continuing the delay in prescribed medical treatment.

30. Defendant L. Carrero-MD/CHO, subsequent and separately from her duties as a Medical Doctor, chose to intentionally interfere in the treatment of plaintiff's medical needs by refusing to immediately reschedule plaintiff for surgery once it was determined on his return from Lake Butler Regional Medial Center, that surgery was not performed due to conflict with a legal visit and plaintiff still wanted and needed surgery, and there was no change in plaintiff's medical needs.  Plaintiff alleges intentional misconduct by defendant L. Carrero-MD/CHO based on plaintiff's initial refusal of treatment for the reasons expressed, and not because of any sound medical principle or practice.

31. Plaintiff alleges that defendant L. Carrero-MD/CHO was fully aware of the high probability of risk of additional injury resulting from a delay in the prescribed surgery, and knowingly and willfully, and in complete disregard of the increased potential of risk to the plaintiff's injury, chose to engage in acts she knew would result in additional delay in treatment, whereby plaintiff suffered additional infliction of pain, suffering, and injury.

32. Defendant R. Wolf-Senior Health Administrator was engaged in her authorized duties in administrating the care, control, and custody of administrative records relating to medical care of prisoners, and after being fully advised by grievance and medical records, that the plaintiff was prescribed by a medical doctor for surgery, that surgery had not been performed, and that the Chief Health Officer was not submitting the appropriate request to her for processing, thereby enabling the medically prescribed surgery to take place, failed to exercise reasonable care to ensure that the plaintiff's surgery was being scheduled or alert her supervisors as to the delay or denial of prescribed medical surgery.

33. Defendant Wolf knew that delay in medical treatment posed a high probability of risk that the medical condition would increase in severity when viewed under the doctor's diagnoses that surgery was urgently needed, yet defendant Wolf chose to ignore the risk to plaintiff's health care needs and refused to notify her superiors of the delay.

34. Defendant Florida Department of Corrections, (Hereinafter FDOC) was deliberately indifferent to the medical needs of the plaintiff in failing to enforce policies and ensure timely medically prescribed surgery was performed on the plaintiff. Defendant FDOC knew that plaintiff was not receiving any medication to relieve pain and inflammation, and that plaintiff had filed multiple medical grievances stating that he had been to sick call on multiple occasions complaining of pain and lack of surgery prescribed by the doctor, and FDOC failed to conduct an adequate investigation into the complaints, and instead, chose to accept the intuitional responses as adequate to address the concerns, and then told plaintiff to use the sick call procedures that had previously failed to produce results for over six (6) months.

35. Defendant FDOC was grossly negligent in failing to ensure that prisoners received timely medical care, and that plaintiff's surgery which was prescribed by a medical doctor as urgently needed in April 2010, and that surgery still had not been performed after multiple grievances and appeals throughout 2010 and January 2011, was performed as prescribed.

36. Defendant FDOC was grossly negligent in failing to investigate the plaintiff's lack of medical treatment for pain and inflammation where the defendant was continually advised that the plaintiff was not receiving either the pain medication or anti-inflammatory medication and surgery prescribed. Reliance on the institutional response to address the concerns of the plaintiff was particularly egregious where plaintiff's medical records

revealed, clearly and concisely, that medical surgery was urgently needed; had not been performed six months after the diagnosis; that plaintiff continued to grieve the lack of pain medication and anti-inflammatory medication.

37. Defendant C. Carrero-MD/CHO was deliberately indifferent and grossly negligent in failing to prescribe the pain and anti-inflammatory medication to plaintiff, her defendant knew there had been no change in the medical condition requiring surgery; that plaintiff continued to complain of pain and swelling; that the pain was increasing in severity and the knee temperature was hot when touched.

Wherefore, by the incorporation of the paragraphs above, plaintiff states the following course of action.

## VI. CAUSE OF ACTIONS

Deliberate Indifference to Medical Needs

42 USC 1983; 5th, 8th 14th Amendments

### COUNT I

38. Defendant L. Carrero-MD/CHO was deliberately indifferent to the medical needs of plaintiff, whereby plaintiff suffered injury;

### COUNT II

39. Defendant C.T. West Jr., was deliberately indifferent to the medical needs of the plaintiff, whereby Plaintiff suffered injury;

**COUNT III**

40. Defendant R. Wolf, was deliberately indifferent to the medical needs of the plaintiff, whereby plaintiff suffered injury;

**NEGLIGENCE**

§768.28, §768.72(2)(a-b) Fla. Stat.

**COUNT IV**

41. Defendant FDOC was grossly negligent and deliberately indifferent to the medical needs of the plaintiff, as a result thereof, plaintiff suffered injury, mental anguish and financial damages.

**COUNT V**

42. Defendant C. Carrero MD/CHO was grossly negligent in failing to ensure timely medical treatment prescribed, and as a direct result thereof, plaintiff suffered additional injury, pain, and discomfort.

**COUNT VI**

43. Defendant C. Carrero-MD/CHO was grossly negligent in failing to continue to prescribe pain and anti-inflammatory medication for plaintiff, whereby plaintiff suffered unnecessary pain, discomfort, and mental anguish, as well as additional injury.

**COUNT VII**

44. Defendant C.T. West Jr., was grossly negligent in contributing to the delay in medical treatment by refusing to follow established policies requiring review of medical grievances by a Chief Medical Officer, whereby plaintiff suffered unnecessary and continuous pain, swelling, discomfort, and mental anguish.

**COUNT VIII**

45. Defendant R. Wolf was grossly negligent in failing to advise superiors that prescribed surgery was not being scheduled by CHO, and plaintiff continued to seek medical care, whereby plaintiff suffered injury.

**VII. RELIEF SOUGHT**

Based on the deliberate indifference and grossly negligent acts or omissions of the defendants, plaintiff seeks the following relief;

46. Compensatory, special, and general damages in an amount in excess of $300,000.00 dollars in U.S. currency:

47. Punitive damages against defendants C.T. West Jr., R. Wolf, and C. Carrero, MD/CHO in an amount of $10,000.00 each, for intentional acts to delay medical care;

48. Punitive damages against defendant C. Carrero-MD/CHO for intentional infliction of unnecessary pain and suffering by denying medication for a period of excess of (6) six months, in an amount of $25,000.;

49. Injunctive relief against the agency, defendant FDOC proscribing delay in medical treatment of prisoners under its custody, care, and control;

50. Costs in suit prosecution, including all liens, copying costs, filing fees, and postage;

51. Trial by jury.

Rayl Lynn Kellar
Plaintiff



RAYE LYNN KELLAR 929404
CROSS CITY CORRECTIONAL INST.
568 N.E. 255th STREET
CROSS CITY, FL 32628-5877
Mailed from State
CORRECTIONAL
INSTITUTION
FIRST CLASS
UNITED STATES POSTAGE
PITNEY BOWES
02 1P $ 005.95⁰
0000805992 APR 28 2015
MAILED FROM ZIP CODE 32628
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK
401 S.E. 1ST AVENUE, SUITE 243
GAINESVILLE, FL 32601-6805