IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RAYL LYNN KELLAR,

    Plaintiff,

v.                                  CASE NO. 4:14cv84-RH/GRJ

FLORIDA DEPARTMENT OF
CORRECTIONS et al.,

    Defendants.

_____/


**<u>ORDER DENYING THE MOTION TO DISMISS</u>**

      This is a prisoner civil-rights case. In the first amended complaint, the plaintiff asserts that the defendants—a doctor, two correctional officials, and, in her official capacity, the Secretary of the Florida Department of Corrections—failed to provide appropriate treatment for a serious knee injury. The plaintiff asserts this violated the Eighth Amendment, allowing relief under 42 U.S.C. § 1983. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976) (holding that a correctional official violates the Eighth Amendment when the official is deliberately indifferent to a prisoner's serious medical need). The plaintiff also seeks relief under Florida law. *See* Fla. Stat. § 768.28 (allowing recovery based on

a state employee's tortious act—against the employee when the employee does, and against the state or a state agency when the employee does not, act "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property").

The defendants have moved to dismiss the first amended complaint. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 78, and the objections, ECF No. 85. I have reviewed de novo the issues raised by the objections.

The report and recommendation is correct and is adopted as the court's opinion except in two respects.

The first amended complaint alleges that the individual defendants knowingly and intentionally denied appropriate medical care. The first amended complaint concludes that the defendants were grossly negligent. The report and recommendation concludes that this is sufficient to allege a state-law claim against one individual defendant but not against the other two. Thus the report and recommendation concludes that the first amended complaint does not adequately allege that those two defendants acted "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property," as required by Florida Statutes § 768.28(9). But the phrase is disjunctive—bad faith *or* malicious purpose *or* wanton and willful. A defendant

who knowingly and intentionally violates a plaintiff's rights ordinarily acts wantonly and willfully. The first amended complaint alleges that each individual defendant so acted. And any lack of clarity on this is not fatal in light of the requirement for leniency in construing pro se pleadings. The allegations of wanton and willful misconduct may or may not be true, but the issue cannot be resolved on a motion to dismiss. The state-law claims survive against all three individual defendants, as well as against the Secretary.

Second, the state-law claim against the Secretary survives not only for damages, but also for injunctive relief. State law allows injunctive relief in appropriate circumstances against an agency or agency head as a remedy for the continuing denial of a right. An injunction against a state or state agency head based on state law ordinarily is barred by the Eleventh Amendment, *see, e.g.*, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984), but here the Secretary waived Eleventh Amendment immunity by removing the case from state court, as the report and recommendation correctly concludes. *See, e.g.*, *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 616, 624 (2002).

For these reasons,

IT IS ORDERED:

The report and recommendation is accepted and adopted as the court's opinion in part. The motion to dismiss, ECF No. 70, is denied. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on December 6, 2015.

<u>s/Robert L. Hinkle</u>
United States District Judge