IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RAYL LYNN KELLAR,

    Plaintiff,

v.                                    CASE NO. 4:14cv84-RH/GRJ

FLORIDA DEPARTMENT OF
CORRECTIONS et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

    The plaintiff Rayl Lynn Kellar is a prisoner in the Florida Department of Corrections. He needed knee surgery. He got it, but only after a substantial delay. The delay was partly Mr. Kellar's fault: the original surgery date conflicted with an appointment Mr. Kellar had scheduled with an attorney to address other issues, and Mr. Kellar chose to cancel the surgery. A nine-month delay in rescheduling the surgery resulted primarily from two things: first, the Department has a rather ham-fisted policy requiring an inmate who cancels surgery to start the process all over, so Mr. Kellar had to repeat the orthopedic consult and to obtain a new determination that he needed surgery; and second, when the surgery was

rescheduled, medical personnel somehow determined—incorrectly as it turns out—that Mr. Kellar had a latex allergy, requiring the surgery to be rescheduled yet again, this time at a facility that could deal with a latex allergy. The surgery was successful, properly repairing Mr. Kellar's injury.

Mr. Kellar suffered pain during the delay. In his amended complaint, Mr. Kellar seeks relief against three individuals and, in effect, against the Department of Corrections (by naming as a defendant the Department's Secretary, apparently in her official capacity). The defendants have moved for summary judgment. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 116, which concludes that the motion should be granted. No objections have been filed.

The report and recommendation correctly concludes that Mr. Kellar did not suffer a constitutional violation, that Mr. Kellar is not entitled to relief under federal law against the Department or against the individual defendants, and that Mr. Kellar is not entitled to relief under state law against the individual defendants. The individual defendants were not the cause of the delay in arranging Mr. Kellar's surgery.

In the original complaint, Mr. Kellar also asserted a negligence claim against the Department. The claim was deficient and was dismissed. In the amended complaint, Mr. Kellar did not attempt to cure the deficiency. And the record now

establishes that any attempt to amend would have been futile. This is so even though I assume without deciding that a jury could conclude on this record that the nine-month delay in arranging surgery resulted from negligence attributable to the Department.

Mr. Kellar could not succeed on a negligence claim against the Department for two reasons.

First, the Department is an agency of the State of Florida. The State has waived its sovereign immunity for operational-level decisions, but not for planning-level decisions. *See, e.g.*, *White v. Palm Beach County*, 404 So. 2d 123, 124 (Fla. 4th DCA 1981) (citing *Commercial Carrier Corp. v. Indian River Cty.*, 371 So. 2d 1010 (Fla. 1979)). The policy requiring an inmate who cancels non-emergency surgery to begin the process all over is a planning-level policy for which the Department has sovereign immunity.

Second, the Department's apparent hair-trigger policy for acceptance of unsubstantiated findings of a latex allergy is also a planning-level policy. Any claim of operational-level error in implementing that policy—any claim that the medical professional who made the determination did so negligently—is a claim of medical negligence, not ordinary negligence. Florida law imposes presuit requirements and a two-year limitations period for medical-negligence claims. *See, e.g.*, Fla. Stat. § 766.106; *id*. § 95.11(4)(b). Mr. Kellar did not comply with the

presuit requirements and filed this action more than two—though fewer than four—years after the claim accrued. He cannot recover on his negligence claim against the Department.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The defendants' motion for summary judgment, ECF No. 105, is granted.

3. The clerk must enter judgment stating, "The plaintiff Rayl Lynn Kellar's claims against all defendants are dismissed with prejudice."

4. The clerk must close the file.

SO ORDERED on December 24, 2016.

> s/Robert L. Hinkle
> United States District Judge